**HOSPITAL CENTRAL SERVICES ASSOCIATION, a nonprofit corporation, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 77–3701.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1980.

Decided July 21, 1980.

---

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

Julie Brooks, Lane, Powell, Moss & Miller, Seattle, Wash., for appellant.

David E. Carmack, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before GOODWIN and FERGUSON, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM.

Hospital Central Services Association, a nonprofit Washington Corporation which operated a laundry, paid income taxes for 1974 and, after exhausting its administrative remedies, sued under § 501(c)(3) of the Internal Revenue Code for a refund. The district court held the association to be a tax-exempt charity and granted the refund. The government appeals, contending that § 501(c)(3) does not extend to hospital laundry services like those involved here.

The identical issues were recently before the Third Circuit in *HCSC–Laundry v. United States of America,* 624 F.2d 428, (3rd Cir. 1980). There, as here, a group of charitable hospitals had formed a non-profit corporation in order to effect economies of scale that could not be realized if each hospital were to install and staff its own laundry. There, as here, the laundry services were performed for the tax-exempt hospitals that had created the corporation.[1] There, as here, the district court held that because a charitable hospital could operate its own laundry without impairing its exemption under § 501(c)(3), it should be able to pool its laundry facilities (and its exemptions) with other hospitals and thus confer tax exemption upon the new entity.

A group of charitable § 501(c)(3) hospitals may jointly create and own a tax-exempt entity under § 501(e)(1)(A) to perform certain functions: *e. g.,* computer service, purchasing, warehousing, laboratory, printing, billing and collecting, and other services listed in § 501(e)(1)(A) of the Code. The issue is whether, under § 501(c)(3), the hospitals may create tax-exempt entities to perform services not listed in § 501(e)(1)(A).

After a careful examination of the legislative history of § 501(e)(1)(A) and of established legal principles which we need not repeat here, the Third Circuit held that Congress had intentionally omitted laundry services from the list of commercial services for which charitable hospitals could form jointly-owned entities that would be tax-exempt.

Whether the legislative decision to favor the commercial laundry industry by removing a tax advantage from competitors was a wise or equitable decision is obviously not a judicial question. On the only judicial question—the meaning of the tax law—we agree with the Third Circuit for the reasons stated in its opinion.

Reversed.

---

* The Honorable Spencer Williams, United States District Judge for the Northern District of California, sitting by designation.

1. The taxpayer in the case at bar may not strictly qualify under § 501(e)(1)(B) because, at the time it was organized, it served a hospital that did not then qualify for exemption under § 501(c)(3). We need not reach this question, however, as the case turns on the meaning of § 501(e)(1)(A).